IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-222-F

| | |
|---|---|
| OTTO GARY NORMAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CHLOE ANN REYNOLDS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for frivolity review of Plaintiff Otto Gary Normand's ("Plaintiff") *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this court recommends that Plaintiff's complaint be dismissed without prejudice.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to

more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

As part of its review, a court may consider whether it has subject-matter jurisdiction of the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject-matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject-matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject-matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

## II. ANALYSIS

Unless specifically otherwise conferred by statute, Federal subject-matter jurisdiction is limited to actions in which the claim asserted by plaintiff raises a federal question or in which there is diversity of citizenship between plaintiff and defendant. 28 U.S.C. §§ 1331 & 1332. Federal question subject-matter jurisdiction exists where plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires plaintiff to demonstrate that none of the defendants holds citizenship in the same state as plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiff has submitted a form complaint in this matter in which he has provided handwritten responses to typed questions outlining the factual and legal bases of his complaint. [DE-1-2]. Plaintiff has failed to include any jurisdictional allegations in his complaint. According to the complaint, Plaintiff is a North Carolina resident and has brought suit against Defendant Chloe Ann Reynolds, also a resident of North Carolina. Defendant is an Intensive Care Unit Supervisor at Rex Hospital in Raleigh, and according to the complaint, has been sued in her individual and official capacities.

As for the factual bases underlying Plaintiff's complaint, Plaintiff alleges that his daughter was involved in an automobile accident in October 2010, and subsequently was issued a check from an insurance company in the amount of $7,600. The check was mailed to

3

Plaintiff's address, which Plaintiff was sharing with Defendant at the time. According to Plaintiff, Defendant forged Plaintiff's daughter's signature and deposited the check into Defendant's bank account in order to pay her bills.

While Plaintiff does not specifically identify the nature of his cause of action, from a fair reading of the complaint, it appears Plaintiff's allegations sound in state tort law for a claim of conversion. *See Lake Mary Ltd. Partnership v. Johnston*, 145 N.C. App. 525, 532, 551 S.E.2d 546, 552 (2001) (affirming directed verdict for plaintiff's claim of conversion where defendant was found to have deposited into his bank account rent checks which did not belong to him); N.C. Gen. Stat. § 25-3-420(a) (conversion of an instrument). Plaintiff's allegations therefore fail to raise a federal question and the parties to the case are not diverse. Because Plaintiff has failed to carry his burden of demonstrating federal subject-mater jurisdiction over the dispute alleged in the complaint, this court recommends the complaint be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, this court RECOMMENDS that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 8th day of April, 2013.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

5