UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-222-F

| | | |
|---|---|---|
| OTTO GARY NORMAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHLOE ANN REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for consideration of United States Magistrate Judge Robert B. Jones, Jr.'s Memorandum and Recommendation ("M&R") [DE-5] regarding *pro se* Plaintiff Otto Gary Normand's motion for leave to proceed *in forma pauperis* [DE-2] and complaint [DE-1], and Plaintiff's objections to the M&R [DE-8].

In the M&R, Judge Jones accurately describes the nature of federal jurisdiction and how the complaint alleges conversion, a state law cause of action, between two citizens of North Carolina. Judge Jones correctly finds that the complaint therefore fails to demonstrate federal subject matter jurisdiction.

Plaintiff filed an objection to the M&R. In it, however, Plaintiff fails to set forth any facts or argument that adequately disputes Judge Jones' findings. Rather, Plaintiff's objections reinforce for the court that this is an action for conversion between two citizens of North Carolina. Based on a *de novo* review of the record, the court finds that the M&R should be adopted, the case should be dismissed without prejudice, and all pending motions should be denied as moot.[1]

---

[1] The court notes that Plaintiff's filings refer to his authorized "amicus curiae/attorney in fact" who is acting on his behalf in this matter through a "power of attorney." [*See* DE-8-1 at 1-3.] There is nothing in the record that indicates this representative is an attorney. Also, the disputed property alleged in the

For the foregoing reasons, it is ORDERED that:

1. The court ADOPTS the M&R in its entirety;

2. Plaintiff's complaint is DISMISSED without prejudice; and

3. All pending motions are DENIED as moot.

SO ORDERED.

This the 6ᵗʰ day of June, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

complaint is a check made out to Plaintiff's daughter. [*See* DE-1.] There is no indication in the record that Plaintiff is an attorney.

In the Fourth Circuit, district courts "uniformly have precluded non-attorneys from litigating matters in the name of others based on claimed authority from some form of 'power-of-attorney.'" *Bank of Am., Inc. v. Campbell*, No. 1:12CV269, 2012 WL 1951820, at *2 (M.D.N.C. May 30, 2012). "It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity." *Id.* at *3 (quotation omitted).

The court is unsure who actually signed Plaintiff's filings, and Plaintiff cannot assert a claim on behalf of his daughter. Each of these reasons would provide an alternative ground for dismissal without prejudice. *See id.*

2